The document below is hereby signed.

Signed: December 15, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| IMPULSE, LLC, | ) | Case No. 13-00791 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DEAN SMOTHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 14-10039 |
| ANDREA SCOTT, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION REGARDING DISMISSING ADVERSARY
PROCEEDING FOR LACK OF STANDING, FOR LACK OF SUBJECT MATTER
JURISDICTION, AND AS BARRED BY A RULING IN THE BANKRUPTCY
CASE THAT KIM JOHNSON WAS AUTHORIZED TO REPRESENT THE DEBTOR

The plaintiff, Dean Smothers, filed his complaint commencing this adversary proceeding in the bankruptcy case of Impulse, LLC. Smothers is the owner of Impulse, LLC. I issued an order to show cause why this adversary proceeding ought not be dismissed because:

- this court lacks subject matter jurisdiction over all claims that belong to Smothers individually;
- Smothers lacks standing to sue on claims that belong to the bankruptcy estate of Impulse, LLC; and
- even if Smothers has standing to pursue such claims, a ruling in the bankruptcy case that Kim Johnson was authorized to represent the debtor bars the claims against Johnson.

No one has filed a timely response objecting to dismissal on those grounds.

I

The complaint alleges in part that it was filed "to determine if Premium Title & Escrow LLC and Benjamin M. Soto forged Plaintiff's signature to meet the filing requirements with the Bankruptcy Court." Okie Dokie, Inc. sold real property to the debtor, Impulse, LLC, and allegedly was "to take back a seller note for $1.3 mill ('Seller Note') secured by a third deed of trust on the real property and a **third lien on the personal property of** Impulse LLC and **Dean Smothers**." [Emphasis added.]

A.

The court's review of the docket in *In re Okie Dokie, Inc.*, Case Number 10-00747, does not reveal that Okie Dokie, Inc. was entitled to a lien on personal property of Dean Smothers, and if Smothers would not show to the contrary, that would be an

2

additional reason why this complaint ought to be dismissed for lack of standing.  However, for purposes of analysis, I will assume that Okie Dokie, Inc. was entitled to a lien on personal property of Dean Smothers.

B.

The complaint fails to allege that the defendants did anything that injured Smothers' personal property.  The complaint alleges (1) that "Benjamin M. Soto the President of Premium Title & Escrow LLC admits that they deliberately did not record the Seller Liens" and (2) that they acted "to forge the signature of Dean Smothers, so that he could record the UCC-1 encumbering the **personal property acquired by Impulse LLC** without Plaintiff's authorization." [Emphasis added.]  Smothers lacks standing to complain about the failure to record the Seller Liens against property of Impulse, LLC: that might hurt the seller (Okie Dokie, Inc.), but it is not an injury to Smothers.

Similarly, Smothers lacks standing to assert a claim regarding the encumbering of property of Impulse, LLC even if that arose from a forging of his signature.  He may be the sole owner of Impulse, LLC, but William Douglas White (the chapter 7 trustee in Impulse, LLC's bankruptcy case), not Smothers, is the entity authorized to represent the estate under 11 U.S.C. § 323, with consequent standing to sue for any injury to Impulse, LLC.  Indeed, if Smothers is suing on claims belonging to Impulse, LLC,

he is exercising control over property of the estate in violation of 11 U.S.C. § 362(a)(3).  Even if Smothers were authorized to sue on behalf of Impulse, LLC, he is not a member of the bar of the District Court of which this court is a unit, and a corporation may only appear through such a member of the bar.

C.

Moreover, if there *was* some injury to personal property of Smothers, he has not alleged facts establishing subject matter jurisdiction over his claims based on such injury.  This court's subject matter jurisdiction rests on 11 U.S.C. § 1334(b), which provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Subject matter jurisdiction over this adversary proceeding exists under § 1334(b) only if Smothers' claims (1) arise under title 11, (2) arise in a case under title 11, or (3) are otherwise related to a case under the Bankruptcy Code (title 11 of the U.S. Code).  Smothers' claims do not fit within any of the three jurisdictional bases for jurisdiction.  That the acts occurred incident to a sale to Impulse, LLC, or possibly occurred during the pendency of Impulse, LLC's bankruptcy case, would not be enough to show that there is subject matter jurisdiction over the claim.

First, the claims do not arise under a provision of title

11.

    Second, the claims did not "arise in" Impulse, LLC's bankruptcy case.  Claims "arising in" a case under title 11 "are limited to administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy proceedings."  *In re U.S. Office Prods. Co. Sec. Litig.*, 313 B.R. 73, 79 (D.D.C. 2004).  Such "arising in" proceedings "are those that occur in the case and that somehow have an effect on the administration of the panoply of rights and duties under the bankruptcy laws."  *Va. Hosp. Ctr.-Arlington Health Sys. v. Akl (In re Akl)*, 397 B.R. 546, 549 -550 (Bankr. D.D.C. 2008).  In other words, an "'arising in' proceeding is one that must not only arise from events in the bankruptcy case but that by its nature is of an administrative character because it requires disposition in the bankruptcy case in order for the bankruptcy case to be administered."  *Akl*, 397 B.R. at 550.  "Arising in" jurisdiction is not established through the temporal coincidence that the claims arose during the pendency of the bankruptcy case.  *Cmty. Bank of Homestead v. Boone (In re Boone)*, 52 F.3d 958, 960 (11th Cir. 1995).  Indeed, "arising in" jurisdiction is not established "by the mere coincidence that the wrongful conduct took place in a bankruptcy case."  *Akl*, 397 B.R. at 551.  The complaint includes no allegations establishing that the claim for damages for any injury to Smothers' personal property arose from

events in Impulse, LLC's bankruptcy case and that the claim is of an administrative character, entailing administration of the panoply of rights and duties under the bankruptcy laws, and requiring disposition in Impulse, LLC's bankruptcy case.

Finally, the claims are not related to Impulse, LLC's bankruptcy case because they would have no impact on the administration of the bankruptcy estate of Impulse, LLC.  Under *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), a proceeding that does not "arise under title 11" or "arise in" the bankruptcy case is nevertheless "related to" to the bankruptcy case only if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  *Id.* at 994.  The complaint fails to articulate any way in which the claim of Smothers based upon injury to his personal property could have an impact on the administration of the estate of Impulse, LLC.

II

Part of the complaint "focuses on the improper accounting of $230,000 thousand dollars, pursuant to an alleged Guarantee Contract between Marc Barnes, Andrea Scott [sic] and Dean Smothers."  That contract, a copy of which is appended to the complaint as Exhibit A, was between Andre Scott and Mark Barnes, guaranteeing a $230,000 promissory note owed by Dean Smothers to Andre Scott.  It was *not* an obligation of the debtor, Impulse,

6

LLC.

Based on the analysis in part I(C), above, and for reasons already explored in an order show cause issued on November 24, 2014, in *Andre C. Scott v. Dean Smothers*, Adversary Proceeding No. 14-10041, this court appears to have no subject matter jurisdiction over claims relating to Dean Smothers' obligations to Andre Scott.  Smothers contends that the Guarantee Contract was entered into by Mark Barnes while Barnes was still a debtor in a bankruptcy case pending in this court. However, Smothers' claims do not arise under Bankruptcy Code provisions applicable in this case of Impulse, LLC, do not arise in the bankruptcy case, or are not in any way related to the bankruptcy case.

Moreover, Smothers lacks standing to complain about a guarantee that was for the benefit of Scott and not for the benefit of Smothers.

III

Another part of the complaint concerns alleged misconduct by Kim Y. Johnson in acting as counsel for the debtor in Impulse, LLC's bankruptcy case.  On May 12, 2014, Johnson filed a motion that sought to block approval of the sale of the debtor's real property, and that sought the imposition of sanctions against Johnson.  The court rejected at a hearing of May 14, 2014, Smothers' contentions that the sale of the debtor's property ought not be approved because the debtor, through him,

had not authorized the filing of the bankruptcy case and had not authorized the sale.  On May 16, 2014, the court approved the sale.  (Dkt. Nos. 107 and 108 in the bankruptcy case).  At a hearing of November 19, 2014, in the bankruptcy case, the court addressed Smothers' request for sanctions against Johnson.  The court concluded that Johnson had been authorized to file the bankruptcy case and to represent the debtor.  As a matter of collateral estoppel (issue preclusion), the court's decision bars Smothers' request that this Court void all of the filings signed by Johnson on behalf of the debtor, and bars his claim for a recovery of damages from Johnson.

　　Moreover, it appears that Smothers lacks standing to pursue his monetary claim against Johnson.  Smothers, as the owner of the debtor, was an equity security holder entitled to be "heard on any issue in the case."  11 U.S.C. § 1109(b).  As such, he had standing to be heard on the issue of whether a sale should be approved and whether sanctions should be imposed against Johnson.  Section 1109(b), however, does not confer standing on him to assert a claim for damages against Johnson for representing Impulse, LLC without authorization.  Any such claim (if it were not barred by collateral estoppel) belongs to Impulse, LLC, not to Johnson, and constitutes property of the estate being administered by White as the bankruptcy trustee.

8

IV

Pursuant to the foregoing, a judgment follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: All counsel of record.